353 So.2d 948 (1978)
Ernest Eugene TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. GG-24.
District Court of Appeal of Florida, First District.
January 11, 1978.
*949 Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Raymond L. Marky, Asst. Atty. Gen., for appellee.
MILLS, Judge.
A jury convicted Tillman of armed robbery. He appeals contending the trial court erred in denying his motion for judgment of acquittal. The motion was based on the State's failure to prove knowledge on his part.
There was no evidence that Tillman personally committed the crime. The State had to prove Tillman's knowledge of the actual perpetration of the crime. Hornbeck v. State, 77 So.2d 876 (Fla. 1955). This the State did by circumstantial evidence.
There was evidence that Tillman drove the actual participants in the crime to secure a shotgun and shells. He was present when they discussed what they were going to do. He drove them to the trailer park where the victim lived, dropped them off and then drove out to the main road several hundred yards away where he parked the car with the motor running. After commission of the crime, the actual participants returned to the car and Tillman was given a portion of the robbery proceeds. This evidence was sufficient for a jury to infer knowledge.
As stated in Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974):
"... the test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Vick v. United States, 216 F.2d 228 (5th Cir.1954). The jury is the pivotal point at which evidence is aimed, not the courts."
The judgment of guilt is affirmed.
McCORD, C.J., and BOYER, J., concur.