DOWNEY, Chief Judge.
Appellant, Fisher, seeks reversal of his conviction as an aider and abettor in the burglary of a dwelling. The sole point on appeal is whether the evidence was sufficient to support the conviction. We find that it was not.
The evidence showed that appellant Fisher and Ralph Barrow were roommates. Barrow asked Fisher to drive him to Curry Ford Road. On the way they stopped and picked up Donald Pridemore. Fisher dropped Barrow and Pridemore off on Curry Ford Road about Vi mile from a house which Barrow and Pridemore subsequently burglarized. Upon leaving the car Barrow told Fisher to meet him and Pridemore about an hour later at Econlochlatchee Trail. At the appointed time and place Fisher picked up Barrow and Pridemore. They had no contraband with them at the time. Barrow and Pridemore had stolen a number of guns from the dwelling in question and had wrapped them in a blanket and left them in some woods nearby. Later on that day Barrow and Pridemore borrowed Barrow’s cousin’s car and picked up the guns which they were attempting to sell when they were arrested.
The only evidence indicating that Fisher had any knowledge there was going to be a burglary is Pridemore’s testimony. He was asked whether Fisher knew of their plan to burglarize the dwelling when Fisher picked up Barrow and Pridemore. Pridemore testified: “Yes, I reckon he did.” He was then asked, “What makes you say that?”
A: “Well, I guess he did know, you know, if he was going to give us a ride down there.”
Pridemore also testified as follows:
Q: “Was anything said in the car at that time? Try to think back to that time, and remember as best you can.
A: “I said ‘we got the guns, I reckon’.”
There is no other evidence that Fisher knew of the plan to steal the guns or that after the burglary he knew anything had been stolen except Pridemore’s statement that “we got the guns, I reckon.” Nor was Fisher’s car used later on to pick up the contraband or in the attempt to dispose thereof.
Before an accused may be convicted as an aider and abettor his intent to participate in the crime must be proved. Douglas v. State, 214 So.2d 653 (Fla.3d DCA 1968). Inasmuch as the evidence of guilt rests solely upon circumstantial evidence, the proof must be not only consistent with guilt but inconsistent with any other reasonable hypothesis. Lockett v. State, 262 So.2d 253 (Fla.4th DCA 1972). The evidence adduced at trial fails to exclude all reasonable hypotheses of innocence and is therefore inadequate to convict appellant as an aider and abetter.
Accordingly, the judgment and sentence appealed from is reversed and the cause is *1057 remanded with directions to discharge the appellant.
REVERSED AND REMANDED WITH DIRECTIONS.
CROSS and BERANEK, JJ., concur.