394 So.2d 237 (1981)
Lionel Don COX, Appellant,
v.
STATE of Florida, Appellee.
No. WW-430.
District Court of Appeal of Florida, First District.
February 27, 1981.
Michael J. Minerva, Public Defender, and Thomas Presnell, Jr., Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge.
Appellant was convicted as a principal in the first degree to an armed robbery committed by his brother, James Earl Cox. We find that the evidence was legally insufficient to sustain the conviction and, therefore, vacate the sentence and reverse the judgment.
Shortly after midnight, a white male later identified as appellant's brother, James Earl Cox, robbed the clerk of a convenience store. Immediately thereafter, a passing *238 motorist, George Mullins, saw two white males running from the vicinity of the store. Mullins stopped and went into the store. When the police arrived a few moments later, he was able to give the police a description of the clothing worn by one of the men fleeing the scene but not the other. This description matched the clerk's description of the robber.
Thirty minutes later appellant and his brother were arrested in their car in front of a club two miles from the scene of the crime. The clothing worn by appellant's brother matched the description given the police by both Mullins and the clerk. Both appellant and his brother were taken into custody and the clerk immediately identified James as the robber.
At trial, Mullins testified that he could not describe the other man fleeing the scene and that he did not give any description of such person to the police. However, over appellant's objection, the investigating officer testified that he had taken notes indicating that Mullins described the second man as a white male wearing a red shirt and blue jeans. When arrested, appellant was wearing blue jeans and a white shirt with a red logo. Appellant testified he and his brother had been together most of the evening, but denied they had been together for approximately thirty minutes prior to the arrest. Appellant gave a logical explanation for his whereabouts during that period of separation.
The investigating officer's testimony concerning Mullins' description of the second person was clearly hearsay, and the objection should have been sustained. Since the officer's notes were not admitted into evidence, we need not and do not determine whether such notes would have qualified as a hearsay exception under Section 90.803(6), Florida Statutes (1979).[1]
Therefore, the evidence against appellant consists only of proof that his brother and another white male were seen running from the convenience store after the robbery and that thirty minutes later appellant was found seated in a car with his brother two miles from the scene of the crime. This circumstantial evidence, while consistent with guilt, is not wholly inconsistent with any reasonable hypothesis of innocence and, therefore, cannot sustain a conviction. Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978); Ferguson v. State, 321 So.2d 139 (Fla. 4th DCA 1975).
This cause must be reversed for an additional reason. Appellant was charged and convicted as a principal in the first degree for aiding and abetting under Section 777.011, Florida Statutes (1979). Before an accused may be convicted as an aider and abettor, his intent to participate in the crime must be proven. Fisher v. State, 365 So.2d 1055 (Fla. 4th DCA 1978); Shockley v. State, 338 So.2d 33 (Fla. 3rd DCA 1976). The record does not contain any evidence of the appellant's intent to participate in the crime.
The judgment is reversed.
MILLS, C.J., and ROBERT P. SMITH, J., concur.
NOTES
[1] See also, State v. Inman, 347 So.2d 791 (Fla. 3rd DCA 1977) predating the effective date of the evidence code.