FRANK D. UPCHURCH, Jr., Judge,
dissenting:
I respectfully dissent. Appellant appeals from an order adjudging him to be delinquent. The order provided that the child be placed in a state institution unless he participates in the Teen Challenge Program for one year.
On the way to a pool hall a group of persons threw some stones at appellant and five friends. Later, upon leaving the pool hall, they were again menaced by the same group estimated at twenty to forty persons in size. They were concerned for their safety. Appellant had a shotgun in his truck. He took it out in full view of the threatening group, loaded it and handed it to one of his friends in the back of the truck. They proceeded to leave the area but as they did so the group began hurling stones, some of which hit the truck. The boy with the shotgun fired striking one person. Appellant was adjudicated guilty of aggravated battery as an aider or abettor. § 777.011, Florida Statutes (1979).
Before a defendant may be convicted as a principal in the first degree as an aider and abettor, his intent to participate in the crime must be established. Pack v. State, 381 So.2d 1199 (Fla. 2d DCA 1980); J. H. v. State, 370 So.2d 1219 (Fla. 3d DCA 1979); Fisher v. State, 365 So.2d 1055 (Fla. 4th DCA 1978). A defendant does not have to intend to participate in the crime committed. Beasley v. State, 360 So.2d 1275 (Fla. 4th DCA 1978). Rather, he must only have some criminal intent. Davis v. State, 275 So.2d 575 (Fla. 1st DCA 1973), or an initial criminal design. Hampton v. State, 336 So.2d 378 (Fla. 1st DCA 1976).
Since intent is often not subject to direct proof, it is usually established by circumstantial evidence. Where the evidence is purely circumstantial, it must be consistent with guilt and inconsistent with any reasonable hypothesis of innocence. Pack v. State; McWatters v. State, 375 So.2d 624 (Fla. 4th DCA 1979).
The boy who fired the shot testified that he did not intend to hit anyone but wanted to fire in the air to scare the crowd into leaving them alone. Whether that testimony is true is not controlling. The question for the court below was whether there was an intent by appellant to participate in the crime. Although appellant loaded the gun and handed it to the boy who fired it, there was absolutely no evidence to show that he intended that it be used for anything other than to defend them. Appellant and his friends clearly had reason to be apprehensive.
A principal in the first degree must have a specific intent to participate in a crime before there can be liability for the crime committed. Pack v. State; J. H. v. State; Fisher v. State; Beasley v. State. Unless it is a crime to arm oneself in the face of overwhelming odds under circumstances which constitute a real and present threat to personal safety, no offense was committed here. There was no evidence that appellant intended for his companion to use the weapon other than in a defensive posture.
I would REVERSE.