BERANEK, Judge.
Appellant, a juvenile, was found guilty of battery and placed on probation. He appeals, urging error in the admission of certain testimony given by an investigating police officer. The delinquency petition alleged a battery occurring on September 21, 1979. Although not specifically provided for under the Rules of Juvenile Procedure, the State answered a defense request for statement of particulars. This answer also stated September 21, 1979, as the date of the offense. At trial, however, the victim testified the battery occurred on September 1, 1979. This testimony was given by the victim on two occasions in answer to direct questions from the State. Despite the variance, no clarification was sought from the witness.
The State’s only other witness was a police officer who discussed the case with the victim approximately three months after the occurrence. Over defense objection, the police officer was allowed to testify that the victim told him that the battery had occurred on September 21, 1979. The trial court overruled the defendant’s hearsay objection and admitted the testimony as a business record pursuant to Section 90.-803(6), Florida Statutes (1979). This ruling was error. The report itself was never introduced into evidence and the officer was simply allowed to testify to the oral statements of the victim. The business record exemption permits introduction of a document rather than oral hearsay statements.
We conclude that the testimony was hearsay and was improperly admitted. See Cox v. State, 394 So.2d 237 (Fla. 1st DCA 1981). Both the petition and the volunteered statement of particulars established September 21, 1979, as the date of the offense. Under these circumstances, the court erred in finding the juvenile guilty of the offense as charged on September 21, 1979, since absent the officer’s testimony, there was no evidence as to this date. The matter is remanded to the trial court with *788 directions to enter judgment in favor of appellant.
REVERSED AND REMANDED.
HERSEY, J., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.