SHIVERS, Judge,
concurring in part and dissenting in part.
I respectfully concur in part and dissent in part.
I concur in the affirmance of the trial court’s order granting defendant White’s motion to dismiss, I dissent from the majority’s affirmance of the trial court’s order granting defendant Radford’s motion to dismiss and I dissent from the majority’s af-firmance of that part of the trial court’s order granting defendant McCrery’s motion to suppress evidence.
Defendant Radford leased and occupied the premises. The phone and utilities were registered in Radford’s name. From this and other evidence the jury could have concluded that defendant Radford exercised dominion and control over the drugs found on the premises. The jury could have found defendant Radford had knowledge of the drugs’ presence on the premises.
In Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978), we approved the test described in Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974):
*396 “... the test to be applied on review of a denial of a motion for judgment of acquittal is not whether, in the opinion of the trial court or the appellate court, the evidence fails to exclude every reasonable hypothesis but that of guilt but, rather, whether the jury might reasonably so conclude. Vick v. United States, 216 F.2d 228 (5th Cir.1954). The jury is the pivotal point at which evidence is aimed, not the courts.”
It appears the trial court erred in granting defendant Radford’s motion to dismiss.
As to defendant McCrery (who did not file a motion to dismiss) it appears the trial court erred in granting McCrery’s motion to suppress the gun and Bearcat scanner. The officers were on the premises in the course of a legitimate search for cannabis. The nature of the gun and the Bearcat scanner as evidence was immediately apparent and the officers were entitled to seize them. Also, by abandoning the gun and Bearcat scanner when he dove out the window in an attempt to escape, defendant McCrery had no Fourth Amendment right to be secure against this kind of search at the time it was made. See United States v. Edwards, 441 F.2d 749 (5th Cir.1971).