LEHAN, Judge.
C.M. appeals from an adjudication of delinquency based upon the trial court’s finding that he was guilty of the crime of petit theft. We reverse because the evidence was insufficient to support the finding.
The facts are simple. C.M. was seen walking around a grocery store with his brother. In the canned goods section, a store employee observed C.M.’s brother make a motion as if he were putting something into his pants. The store employee, however, never saw anything in the brother’s hand. C.M. and his brother were later seen loitering in an area outside the store where several cans of ravioli and insect repellent were found. No one saw the appellant or his brother take anything from the store, nor were any goods from the store found on their persons.
Where the only proof of guilt is circumstantial, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. Thomas v. State, 374 So.2d 508 (Fla.1979); Davis v. State, 90 So.2d 629 (Fla.1956). The hypothesis of innocence espoused by C.M. was that he and his brother went to the grocery store to get something to eat but left before purchasing anything because they didn’t have enough money. The evidence presented by the state is not inconsistent with the appellant’s explanation. Accordingly, the adjudication is reversed.
REVERSED.
DANAHY, A.C.J., and SCHOONOVER, J., concur.