BOARDMAN, Acting Chief Judge.
Appellant A.M., III, contests the sufficiency of the evidence supporting the trial court’s finding that he committed the delinquent act of burglary, in violation of section 810.02, Florida Statutes (1981). We reverse.
Appellant allegedly burglarized Russell and Deborah Galloway’s house on July 1, 1982, removing the Galloway dog and various items of personal property from the residence. Pursuant to defense counsel’s motions, the trial court suppressed appellant’s subsequent admission of guilt as well as incriminating, tangible evidence produced by appellant in conjunction with his confession. Thus, appellant’s adjudication was based solely on the following evidence.
Several of the victims’ neighbors testified that they noticed a suspicious-looking, dis *479 tinctive yellow Volkswagen in the neighborhood on the day of the crime; some neighbors later observed the victims’ dog jump out of a similar vehicle two miles from the Galloway home. Six days after the burglary, while driving six to ten miles from the scene of the crime, Russell Galloway spotted a yellow Volkswagen matching the vehicle described by his neighbors. Appellant was apprehended and questioned when the vehicle sighted by Galloway proved to be registered to appellant’s father.
Over defense counsel’s objection, an investigating officer was permitted to testify that appellant’s father conferred with appellant in private and then informed the officer that appellant had committed the crime. Appellant’s father later testified in his son’s behalf and denied having apprised the officer of his son’s guilt.
After examining the evidence presented against appellant, it is quite apparent that the state’s case rested solely upon hearsay testimony and circumstantial evidence of a highly suspect nature. The investigating officer’s testimony concerning the father’s unsworn, out-of-court statement regarding appellant’s guilt presents a classic example of hearsay testimony which is not admissible under any exception to the hearsay rule. See §§ 90.801-.804, Fla.Stat. (1981); Cox v. State, 394 So.2d 237 (Fla. 1st DCA 1981). Thus, defense counsel’s objection to this evidence should have been sustained.
The state’s circumstantial evidence was not inconsistent with appellant’s reasonable hypothesis that someone else perpetrated the crime and, consequently, is not legally sufficient to sustain his adjudication. See Thomas v. State, 374 So.2d 508 (Fla.1979); C.M. v. State, 434 So.2d 5 (Fla. 2d DCA 1983). Indeed, none of the neighbors actually witnessed the burglary, observed the occupants of the suspicious-looking, yellow Volkswagen, or obtained the vehicle’s license number. No fingerprints or other physical evidence linking appellant to the crime was admitted into evidence. That appellant customarily drove a yellow Volkswagen which resembled a vehicle observed in the victims’ neighborhood on the day of the crime does not establish his identity as the perpetrator of the offense beyond a reasonable doubt. Thus, this evidence is legally insufficient to sustain the trial court’s finding of guilt. See Tibbs v. State, 397 So.2d 1120 (Fla.1981).
Accordingly, we REVERSE appellant’s adjudication and REMAND with directions to discharge appellant.
SCHEB and CAMPBELL, JJ., concur.