442 So.2d 1064 (1983)
William R. HORTON, Appellant,
v.
STATE of Florida, Appellee.
No. AQ-141.
District Court of Appeal of Florida, First District.
December 20, 1983.
*1065 Michael Allen, Public Defender, and Charlene V. Edwards, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Horton appeals his conviction of the misdemeanor offense of trespass to an unoccupied conveyance. He and his co-defendant, Courtney, had been charged by information with the offense of burglary of a conveyance but at trial the court, upon completion of the State's case-in-chief, granted both defendants' motions for judgment of acquittal. However, the court granted the motion only as to burglary and denied it as to the lesser included offense of trespass. No evidence was presented on behalf of either defendant, and the case went to the jury on trespass. The jury returned verdicts of guilty as to both defendants.
As to Horton, the theory of the State's case was that he was guilty as an aider and abettor under Section 777.011, Florida Statutes (1981). Horton asserts that the evidence was not sufficient to support his conviction. We agree and reverse.
The evidence at trial showed that, during his patrol of Pensacola Beach early one evening, Officer Grubbs, a park ranger with the National Park Service, observed a pick-up truck parked on the beach along the side of the road about fifteen yards in front of a white Buick. As Grubbs approached the truck, he noticed Horton standing on a sand dune approximately 50 to 100 feet from the road. Grubbs also saw another person inside the Buick. Grubbs never observed Horton make any kind of signal but saw Horton commence to walk towards his truck after seeing Grubbs. After Grubbs continued in an easterly direction and passed the area where the two vehicles were parked, he pulled off the road about a quarter of a mile away from the vehicles. A few seconds after Grubbs pulled off the road, he saw the truck pull onto the road and proceed eastbound with Horton driving. Grubbs stopped the truck and took its occupants, Horton and co-defendant Courtney (whom Grubbs recognized as the one previously inside the Buick), back to where the Buick was parked.
Grubbs located the Buick's owner who stated that her car was in the same condition as when she had left it and that nothing was missing. She said that her car was locked when she had left it; it was also locked when Grubbs returned the suspects to the scene.
Horton and Courtney were arrested and transported to jail. The officers seized from the truck a tool box which, among other things, contained a plumber's "snake" and a stiff wire with a hooked end. These articles were received in evidence at the trial.
On the way to jail, Officer Grice stated that Horton said that he and Courtney were returning from a plumbing job in Mobile and he (Horton) was standing on the sand dune "to see if the Pompano were running." Grice said that no fishing equipment was found in the truck.
Another Officer, Escambia County Sheriff's deputy Howells, testified that he talked with Horton and Courtney at the jail. He said that Horton told him that he and Courtney had been in Holley on a plumbing job. Horton then corrected himself and said that the job was in Mobile. Horton said that he did not know the particular location of the job in Mobile but that it was at the home of Courtney's father and Horton offered to take the officers there.
Before an accused may be convicted as an aider and abettor, it must be shown not only that he assisted the actual perpetrator but that he intended to participate *1066 in the crime. Ryals v. State, 112 Fla. 4, 150 So. 132 (1933); Cox v. State, 394 So.2d 237 (Fla. 1st DCA 1981); J.H. v. State, 370 So.2d 1219 (Fla. 3rd DCA 1979). Even assuming that Horton knew that Courtney had willfully entered the Buick without authority (trespass), mere knowledge that an offense is being committed is not the same as participation with the requisite criminal intent. Collins v. State, 440 So.2d 364 (Fla. 3rd DCA 1983). Moreover, mere presence at the scene, including driving the perpetrator to and from the scene or a display of questionable behavior after the fact, is not sufficient to establish participation. J.L.B. v. State, 396 So.2d 761 (Fla. 3rd DCA 1981); Collins v. State, supra.
Since the evidence of Horton's guilt in the instant case rests solely upon circumstantial evidence, the proof must be not only consistent with guilt but inconsistent with any other reasonable hypothesis. Cox v. State, supra; Tillman v. State, 353 So.2d 948 (Fla. 1st DCA 1978); Fisher v. State, 365 So.2d 1055 (Fla. 4th DCA 1978); Lockett v. State, 262 So.2d 253 (Fla. 4th DCA 1972); Pack v. State, 381 So.2d 1199 (Fla. 2nd DCA 1980).
The circumstantial evidence upon which the State necessarily relies fails to exclude reasonable hypotheses of innocence and is, therefore, insufficient to support Horton's conviction as an aider and abettor.
Accordingly, the sentence is vacated and the judgment is reversed and the cause is remanded with directions to discharge the appellant.
ROBERT P. SMITH, Jr., and SHIVERS, JJ., concur.