473 So.2d 841 (1985)
Ronald Paul HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. BC-463.
District Court of Appeal of Florida, First District.
August 13, 1985.
Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Howard appeals his conviction and sentence for sexual battery under Section 777.011, Florida Statutes (1983), and his sentences for attempted sexual battery and sexual battery. We affirm.
As his first point, Howard challenges his conviction and sentence as an aider and abettor of sexual battery, contending that the evidence was insufficient to prove that he aided and abetted the commission of the offense by another. In order to be convicted as an aider and abettor, it must be shown that the defendant: (1) assisted the actual perpetrator by doing or saying something that causes, encourages, assists or incites the perpetrator to actually commit the crime; and (2) intent on the part of the aider or abettor to participate in the crime. Horton v. State, 442 So.2d 1064 (Fla. 1st DCA 1983).
While it is true that neither mere presence or knowledge that an offense is being committed can be construed as participation in the crime, in the instant case, the appellant not only facilitated but also incited or induced the sexual acts by another. Appellant's own attempt at forcible sexual intercourse, after he and an accomplice forcibly removed the victim's pants, was frustrated solely by his inability to maintain an erection. After causing the first victim to become exposed and thus more vulnerable and likely to be attacked by an accomplice, appellant turned his attention to a second victim, forcing that victim to commit a sexual act. Indeed, the evidence discloses that the actual sexual battery of the first intended victim (by yet another accomplice) occurred while appellant was engaged in the assault on the second victim. From these facts a jury could easily, in our opinion, infer the existence of a common scheme or purpose on the part of all active participants to commit sexual batteries upon both of the young victims. In addition, by interceding and preventing the first victim's rescue by the *842 second victim, the defendant further contributed to his accomplice's sexual acts being carried out.
We find defendant's second point to be without merit. See Dewberry v. State, 472 So.2d 792 (Fla. 1st DCA 1985).
AFFIRMED.
MILLS, SMITH and THOMPSON, JJ., concur.