ERVIN, Judge.
C.P.P. appeals from an order of adjudication of delinquency, for the offenses of burglary and grand theft. He argues that the lower court erred in adjudicating him a delinquent child on the theory that he acted as an aider and abettor, because the evidence was insufficient to establish appel *859 lant’s commission of such offenses in such capacity. We agree and reverse.
The evidence against appellant consists essentially of the testimony of a store manager stating that his store was burglarized, and that entry was accomplished through a roof hatch, resulting in the theft of approximately $2,000 worth of merchandise; and appellant’s confession, admitting his presence in an automobile at the store premises while two other persons left the car, and returned two and one-half hours later, placing four or five bags in the trunk. Appellant also admitted having prior knowledge that the two others intended to burglarize the store and take goods therefrom. Finally, he admitted that another person remained in the car for the purpose of serving as a lookout. We agree that appellant’s motion for judgment of acquittal should have been granted on the ground that the circumstantial evidence presented did not exclude every reasonable hypothesis of innocence.
To convict appellant as an aider and abettor, the state had to show that he (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted or incited the perpetrators to actually commit the crime; and (2) intended to participate in the crime. Howard v. State, 473 So.2d 841 (Fla. 1st DCA 1985); Horton v. State, 442 So.2d 1064 (Fla. 1st DCA 1983). “Where the state relies on circumstantial evidence to establish the accused’s assistance and intent to participate, it is necessary to exclude every reasonable hypothesis of innocence.” J.W. v. State, 467 So.2d 796, 797 (Fla. 3d DCA 1985).
In the case at bar, the state proved: (1) the burglary of the store; (2) appellant’s knowledge that the burglary was being committed; and (3) appellant’s presence at or near the store shortly before and after the burglary. As to the circumstance of appellant’s knowledge, the rule is clear that “mere knowledge that an offense is being committed is not the same as participation with the requisite criminal intent.” Horton, 442 So.2d at 1066; Collins v. State, 438 So.2d 1036, 1038 (Fla. 2d DCA 1983). Also, presence at the scene of the offense and flight from the scene are insufficient to establish participation. J. W, 467 So.2d at 797; Horton, 442 So.2d at 1066. The state’s evidence before us did not eliminate the hypothesis that appellant “stopped and refused to act or participate in the commission of the crimefs], and thus, did not assist”. T.J.T. v. State, 460 So.2d 508, 510 (Fla. 3d DCA 1984).
REVERSED.
JOANOS and BARFIELD, JJ., concur.