WIGGINTON, Judge.
This appeal is from a jury verdict and final judgment adjudicating appellant guilty of aiding and abetting the commission of grand theft of a firearm. We reverse.
Appellant was charged with aiding, abetting, counseling or otherwise procuring one “Franklin” Willis
to unlawfully and knowingly obtain or use, or endeavor to obtain or use ... a firearm, the property of another as owner or custodian, with intent to either temporarily or permanently deprive said owner of a right to said property, or a benefit therefrom, or to appropriate said property to the use of himself or another person not entitled thereto....
The evidence presented at trial showed that Augusta Grice, operating as a police informant, arrived at appellant’s bail bond business wearing a body bug. During his visit, appellant’s former husband, “Jimmy” Willis, removed from a desk a .32 caliber pistol wrapped in a towel. Willis told Grice the gun was “smoking,” a term that Grice asked him to repeat. According to the tape recording of the conversation, appellant immediately added, “You can call that a Fourth of July firecracker.” When requested to do so by Grice, she also repeated her statement. Five days subsequent to that conversation, Grice purchased the firearm from “Jimmy” Willis in the front yard of a residence not connected to appellant’s office. Appellant was not present. Grice did not testify as to who owned the house, as he stated he did not know the address.
At the close of the State’s evidence, appellant’s motion for a directed verdict was denied. Following the motion, the defense presented its case consisting of testimony by others present in the office that appellant’s remark concerning the firecracker was a statement made respecting the warm weather, and that there had been no conversation pertaining to a gun. However, on cross-examination, the witnesses admitted being unaware that the conversation had been recorded.
After presentation of all of the evidence, appellant renewed her motion for a directed verdict of acquittal. The court reserved *948 ruling on the motion and submitted the ease to the jury.
The jury returned a verdict of guilty of principal in the first degree. Appellant subsequently filed her motion for judgment of acquittal arguing that there was no evidence to indicate that appellant was present or near the scene of the transaction during which the gun was sold to Crice, or that appellant aided, abetted, counseled, or otherwise procured “Franklin” Willis to sell the firearm. Her motion was denied.
It is axiomatic that before an accused may be convicted as an aider and abettor, “it must be shown not only that he assisted the actual perpetrator but that he intended to participate in the crime.” Horton v. State, 442 So.2d 1064, 1065-1066 (Fla. 1st DCA 1983); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981). As in Horton, even assuming that appellant knew that her former husband had intended to sell a stolen firearm to Grice, mere knowledge that an offense is being committed is not the same as participation with the requisite criminal intent. Horton, 442 So.2d at 1066.
Although the jury obviously did not believe appellant’s witnesses, the problem “is that the jury should never have been given the case because appellant’s motions for directed verdict should have been granted.” Davis v. State, 436 So.2d 196 (Fla. 4th DCA 1983). The evidence presented by the State in the instant case is woefully insufficient to prove that appellant had the necessary conscious intent that the criminal act be done. Since the evidence of appellant’s guilt rested solely upon circumstantial evidence, the proof should have been not only consistent with guilt, but inconsistent with any other reasonable hypothesis of innocence. Horton, 442 So.2d at 1066. The circumstantial evidence upon which the State necessarily relied at most established appellant’s knowledge that the gun was stolen, nothing more. It certainly failed to exclude reasonable hypotheses of innocence and was, therefore, insufficient to support appellant’s conviction as an aider and abettor. As recognized in Davis,
“Evidence which furnishes nothing stronger than a suspicion, even though it would tend to justify the suspicion that the defendant committed the crime, it is not sufficient to sustain conviction. It is the actual exclusion of the hypothesis of innocence which clothes circumstantial evidence with the force of proof sufficient to convict.”
436 So.2d at 198.
In light of our holding, we need not reach the other issues raised by appellant. Accordingly, the sentence is vacated, the judgment is reversed, and the cause is remanded with directions to discharge appellant.
ERVIN and BARFIELD, JJ., concur.