WIGGINTON, Judge.
Appellant appeals an order adjudicating him delinquent and placing him on community control after he was found guilty of robbery under the theory of aiding and abetting pursuant to Section 77.011, Florida Statutes. Finding the evidence insufficient to support the determination of guilt, we reverse.
As stated in C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985), to convict a defendant as an aider and abettor, the State must show that he
... (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime; and (2) intended to participate in the crime. Howard v. State, 473 So.2d 841 (Fla. 1st DCA 1985); Horton v. State, 442 So.2d 1064 (Fla. 1st DCA 1983). “Where the State relies on circumstantial evidence to establish the accused’s assistance and intent to participate, it is necessary to exclude every reasonable hypothesis of innocence.” J.W. v. State, 467 So.2d 796, 797 (Fla.3d DCA 1985).
See also Croft v. State, 528 So.2d 1279 (Fla. 1st DCA 1988).
In the instant case, the State merely showed that, a short time after three youths robbed a convenience store of a case of beer, appellant was apprehended as the driver of the car containing the youths and the beer. Although perhaps appellant could have been successfully prosecuted for other crimes, such as possession of *30 alcohol by a minor or an accessory after the fact, an adjudication of delinquency based on the charge of aiding and abetting a robbery, pursuant to 777.011, Florida Statutes, was error in light of the cases cited herein.
REVERSED.
BOOTH AND BARFIELD, JJ., concur.