586 So.2d 445 (1991)
A.B.G., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 91-482.
District Court of Appeal of Florida, First District.
September 18, 1991.
Rehearing Denied October 24, 1991.
*446 Nancy A. Daniels, Public Defender, Steven A. Been, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
A.B.G. appeals from an order adjudicating him delinquent for the offense of petit theft. Appellant argues that the trial court erred in denying his motion for judgment of acquittal. We find that there was sufficient evidence to support appellant's adjudication as an aider and abettor. The trial court's decision is affirmed.
The only witness at the adjudicatory hearing was a security officer at an Albertson's store in Jacksonville, Florida. He testified that on October 25, 1990, he saw four boys, including the appellant, enter the store. The group proceeded directly to the condom section.
Three of the boys, including the appellant, stood elbow-to-elbow directly in front of the condoms. The other two boys began removing boxes of condoms from the display. One of the boys broke open a box of two condoms, removed them from the box, and placed them in the inside pocket of his jacket. The boy who stood immediately next to appellant put two boxes into the right front pocket of his jacket. Appellant (at least four or five times) looked down at the condoms, then to the front of the store and to the rear of the store. Appellant's actions were continuous, occurring both before and after the other boys stuffed the condoms into their pockets. Appellant and the other boys also conversed during the theft. The fourth boy stood behind the other three and also looked to the front and back of the store.
The boys walked together to the front of the store and past the cash register without paying for the merchandise. As they attempted to exit the store, they were confronted by the manager. Appellant turned *447 away from the store manager and walked back into the lobby.
Where, as here, the state relies on circumstantial evidence to prove the accused's guilt, it is necessary to exclude every reasonable hypothesis of innocence. B.W. v. State, 546 So.2d 29 (Fla. 1st DCA 1989). In determining whether a case is sufficient to be submitted to the trier of fact,
[i]t is the trial judge's proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla. 1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce evidence which is inconsistent with the defendant's theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla. 1985). Once that threshold burden is met, it becomes the jury's duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
State v. Law, 559 So.2d 187, 189 (Fla. 1989).
To convict appellant as an aider and abettor, the state has to show that he (1) assisted the actual perpetrators by doing or saying something that caused, encouraged, assisted, or incited the perpetrators to actually commit the crime, and (2) intended to participate in the crime. C.P.P. v. State, 479 So.2d 858, 879 (Fla. 1st DCA 1985); B.W. v. State, supra.
The elements of assistance of the perpetrator and intent may be proven by a combination of surrounding circumstances from which a jury can reasonably infer defendant's guilt. Staten v. State, 519 So.2d 622, 623 (Fla. 1988); Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982).
Mere presence at the scene, knowledge of the crime, and flight are insufficient to justify a conviction. C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). Where the state presents additional evidence, however, which contradicts the defendant's theory of innocence, the trial court's decision to deny a motion of acquittal must be affirmed. Saffor v. State, 558 So.2d 69 (Fla. 1st DCA 1990), rev. denied, 570 So.2d 1306 (Fla. 1990).
In the instant case, the fact finder could reasonably infer from the evidence presented that appellant's hypothesis of innocence, that he didn't know the other boys were going to take the condoms and that he was just nervously looking around, was not reasonable. The boys entered the store together and proceeded directly to the condom display. Appellant stood elbow-to-elbow with a boy who was stuffing condom packages into his front jacket pocket. He was observed talking with the other boys during the commission of the crime. The appellant demonstrated a deliberate pattern of conduct, both before and after the other boys had concealed the condoms. These factors, taken in the light most favorable to the state, are inconsistent with appellant's purported lack of knowledge and mere nervous presence at the crime scene. A fact finder could reasonably infer that, as a result of appellant's consistent actions both before and after the actual taking of the property, the only reasonable hypothesis from the evidence presented was that appellant intended to be, and was, an active participant in the theft as a lookout.
Affirmed.
BOOTH, J., concurs.
KAHN, J., dissenting with written opinion.
KAHN, Judge, dissenting.
The court, relying upon State v. Law, 559 So.2d 187 (Fla. 1989), Staten v. State, 519 So.2d 622 (Fla. 1988), and Brewer v. State, 413 So.2d 1217 (Fla. 5th DCA 1982), affirms appellant's delinquency adjudication. I respectfully disagree, and would reverse.
*448 As acknowledged by the majority, the rule applicable to an aider and abettor requires proof that the accused intended to participate in the crime. In the present case, the state relied entirely upon circumstantial evidence to prove intent. Accordingly, the majority looks to Law, supra, the supreme court's recent enunciation of the "special standard of review of the sufficiency of the evidence" where conviction is based entirely upon circumstantial evidence. 559 So.2d at 188. The standard established in Law, however, requires as a procedural threshold that the state "introduce competent evidence which is inconsistent with the defendant's theory of events." 559 So.2d at 189 (e.s.). While setting out this legal principle in its opinion, the majority fails to heed it.
Although the supreme court in Law expressly refused to adopt a requirement that would force the state, in a circumstantial evidence case, to rebut conclusively every possible variation of events which could be inferred from the evidence, the court nonetheless reaffirmed the familiar rules applicable to this class of cases:
Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence... . A motion for judgment of acquittal should be granted in a circumstantial evidence case if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt.
559 So.2d at 158.
The hypothesis of innocence advanced in support of appellant's motion for judgment of acquittal involved no mental gymnastics or contortion of the facts and inferences available from the evidence. Appellant's counsel stated to the trial court, in rather straightforward terms, "When he sees other people taking stuff, he gets nervous and he is looking around like oh, no, what is going to happen? Am I going to get in trouble because those guys are stuffing this stuff in their pockets? ... It could have been that they intended to go in and maybe buy some condoms. That is not something that a teen-age boy is real eager to do these days. In fact it's kind of embarrassing."
In my view, this theory advanced by counsel required entry of a judgment of acquittal. I would suggest that Staten and Brewer, supra, do not support the majority's view.
In Staten, the state proved that the defendant drove a car in which three of her companions fled after committing robbery and murder. In upholding Staten's conviction the supreme court noted evidence that Staten was present on numerous occasions when the proposed robbery was planned, and also that the group actually discussed the robbery as they drove to the scene to execute the plan. Staten waited in the car across the street while the robbery and murder took place and then drove the getaway car. These factors properly allowed an inference sufficient to prove intent.
Brewer, in my opinion, has no application to the present facts. Brewer was convicted of theft after he induced the victim to turn over $1,000 with the understanding that Brewer would take the money to purchase some guns and return the guns to the victim. Brewer took the money, but never returned with the guns or the money. The issue passed upon in Brewer was whether this evidence was sufficient for the jury to determine the defendant's mental intent to commit the crime of grand theft. I would respectfully suggest that nothing in Brewer supports the present result.
I believe we should be bound by our decision in C.P.P. v. State, 479 So.2d 858 (Fla. 1st DCA 1985). In that case we reversed an adjudication of delinquency where appellant admitted his presence in an automobile for 2 1/2 hours while two companions left the car and burglarized a nearby store. Appellant admitted having prior knowledge that the two others intended to burglarize the store, and further admitted that yet another companion remained in the car for the purpose of serving as a lookout. In my view, the facts of C.P.P. go far beyond the facts in the present case.
*449 Here, the evidence consisted solely of brief testimony provided by a store security guard. According to the witness, appellant and his companions entered the store and headed directly to the condom display. A.B.G. stood very close to his companions, directly facing the condom display. The witness never indicated that he saw any signs of nervousness, hesitance, or discussion among the boys before two of them began to remove condoms from the rack. The witness noted that after two of the boys removed condoms, A.B.G. looked around four or five times. The witness did not testify to any actions consistent with lookout type behavior prior to the time the two boys removed the condoms. The security guard's testimony is clear that A.B.G. began to look back and forth only after two of the other boys began to remove boxes of condoms.
I am unpersuaded by the evidence relied upon by the majority to support a finding of criminal intent. Proof that appellant, along with the others, walked directly to the condom display, stood close to his companions, and looked back and forth repeatedly as two of the other boys took merchandise strikes me as equivocal at best. The act of walking directly to the condom display, without any exhibition of nervousness or hesitance, is to me equally consistent with an intent to purchase condoms as it is with a contrary intent. The fact that appellant did not look around nervously, until after one of the others actually took something off the rack, appears quite consistent with appellant's plea that he was surprised and frightened when he realized the boys were going to steal something. While I agree with the majority that it is the function of the trier of fact to make the ultimate determination of whether the evidence relied upon by the prosecution is sufficient to exclude very reasonable hypothesis of innocence beyond a reasonable doubt, I would be guided by the requirement set out by the Supreme Court in Law, which holds the state to its threshold burden of producing evidence inconsistent with the defense theory. It simply will not do to produce evidence equally consistent with the theory of the state and that of the defense.
The law, for better or worse, places no burden upon one in appellant's position to dissociate himself from the perpetrators of a crime, even after he has knowledge that the others are committing a crime. The burden, rather, is placed squarely upon the prosecution to prove appellant's intent to participate in the crime. I have searched the record in vain for any legally sufficient proof of intent, and finding none, I would reverse.