BARNS, PAUL D., Associate Judge.
We grant the petition of Appellant for Rehearing and Clarification, withdraw our opinion filed on September 16, 1966 and substitute therefore the following opinion.
The trial court quashed an information on motion of the defendant — Peterson, and the State appealed. We affirm.
The information purports to charge the defendant with uttering a forged instrument (in violation of § 831.02 F.S.A.) in that she “with intent to injure and defraud I. B. Banta, did then and there un-' *294 lawfully-and feloniously utter and publish as true a certain forged and altered written order for money commonly called a bank check, of tenor and effect as follows:
1981
Robert G. Zeitler or Joyce B. Zeitler
148 Carlyle Drive, Indian Bluff Island Palm Harbor, Florida 33563 63-517
Date Jan. 7 1966 631
Pay to the 50 order of Joyce Peterson $46.
Six and 50/100 Dollars
FIRST NATIONAL BANK in Tarpon Springs Tarpon Springs, Florida
Joyce B. Zeitler
which said check was endorsed on the back thereof as follows: “Joyce Ann Peterson” and “Kathryn W. Banta”; the amount on the face of said check having been altered and raised from $6.50 to $46.50 and she, the said JOYCE PETERSON, then and there well knowing said order for money to have been so forged and altered.
The inference is clear that the defendant is charged with having inserted the figure “4” before the figures “6.50” after the check was issued by the maker and that she then negotiated the check to Banta for $46.50, the writing “Six and 50/100 Dollars” not having been altered.
The alteration of the figures in the upper right-hand corner of the check did not materially change the obligation of the maker. Section 674.19(1), F.S.A., relating to negotiable instruments, provides that “[w]here the sum payable is expressed in words and also in figures and there is a discrepancy between the two, the sum denoted by the words is the sum payable.” As stated in 37 C.J.S. Forgery § 12, p. 41: “ * * * An alteration of marginal figures on an instrument in which the amount payable is plainly expressed in words is not a forgery, but there is some authority apparently to the contrary. * * * ” Turnipseed v. State, 45 Fla. 110, 33 So. 851 seems to follow the majority rule in holding that the alteration of an instrument, which alteration did not change the obligation or rights of the parties, did not constitute forgery. See also the authorities cited and discussed in 64 A.L.R.2d 1029.
CHEATING
It seems likely that the prosecution has pursued the wrong course. Section 817.29, F.S.A. on Cheating and Fraud, as related to crime, provides :
“Whoever is convicted of any gross fraud or cheat at common law shall be punished by imprisonment in the state prison not exceeding ten years, or in the county jail not exceeding one year, or by fine not exceeding four hundred dollars.”
Section 2.01, F.S.A., provides, with certain exceptions, that the common law and statute laws of England, as of July 4, 1776, to be the law of Florida.
By reason of the said sections 2.01 and 817.29, F.S.A., it seems clear that the English Statute 30 Geo. II c. 24 (1757), the first section of which makes it a crime to obtain money or goods with intent to cheat or defraud by false and untrue pre *295 tenses, is the law of this State, which statute (among other things) states:
“WHEREAS divers evil-disposed persons, to support their profligate way of life, have by various subtle stratagems, threats and devices, fraudulently obtained divers sums of money, goods, wares and merchandizes, to the great injury of industrious families, and to the manifest prejudice of trade and credit; therefore for the punishing all such offenders, be it enacted by the King’s most excellent majesty, by and with the advice and consent of the lords spiritual and temporal and commons in this present parliament assembled, and by the authority of the same, That from and after the twenty ninth day of September one thousand seven hundred and fifty seven, all persons who knowingly and designedly, by false pretence or pretences, shall obtain from any person or persons, money, goods, •wares or merchandizes, with intent to cheat or defraud any person or persons of the same; or shall knowingly send or deliver any letter or writing, with or without a name or names subscribed thereto, or signed with a fictitious name or names, letter or letters, threatening to accuse any person of any crime punishable by law with death, transportation, pillor}"-, or any other infamous punishment, with a view or intent to extort or gain money, goods, wares or merchandizes from the person or persons so threatened to be accused, shall be deemed offenders against law and the publick peace; and the court before whom such offender or offenders shall be tried, shall in case he, she or they shall be convicted of any of the said offences, order such offender or offenders to be fined and imprisoned, or to be put in the pillory, or publickly whipped, or to be transported, as soon as conveniently may be (according to the laws made for transportation of felons) to some of his Majesty’s colonies or plantations in America, for the term of seven years, as the court in which any such offender or offenders shall be convicted shall think fit and order.” (Italics supplied)
See 35 C.J.S. False Pretenses § 2 for reference to this English. Statute and its application. Biddle v. United States, 9 Cir., 156 F. 759, 84 C.C.A. 415.
However prosecution under the English Statute, 30 Geo. II c. 24 supra as the law of this state is not exclusive. It clearly appears that Section 811.021, F.S.A. is sufficiently broad enough to have permitted prosecution of the defendant under that statute for larceny. Sapp v. State, 157 Fla. 605, 26 So.2d 646. Section 811.021, supra, did not operate to repeal the common law in respect to the offenses therein prescribed; the statute was merely cumulative to the common law in that respect, since both have a common obj ective.
Affirmed.
ALLEN, C. J., and LILES, J., concur.