THE STATE OF OHIO, APPELLEE, *v.* BROOKS, APPELLANT.

(No. 70-471—Decided July 7, 1971.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Albin Lipold,* for appellee.

*Mr. Paul Mancino, Jr.,* for appellant.

CORRIGAN, J. Defendant's major contention in this appeal is that the crimes of forging and uttering an application for car registration and uttering and publishing as true and genuine a counterfeit certificate of title are crimes involving motor vehicles and therefore do not fall within the proscriptions of the forgery statute, R. C. 2913.01.

It is defendant's position that the motor vehicle statutes, being special enactments, govern motor vehicle crimes. In support of this defendant cites R. C. 4503.29, which deals with applications for car registration, and R. C. 4505.19, which relates to certificates of title.

R. C. 4503.29 reads:

"No person who is the owner of a motor vehicle, or a manufacturer of or dealer in motor vehicles, shall knowingly make a false statement in an application for the registration of such vehicle or vehicles."

R. C. 4505.19 reads, in pertinent part:

"No person shall:

"(A) Alter or forge any certificate of title, or manufacturer's or importer's certificate to a motor vehicle, or any assignment of either, or any cancellation of any lien on a motor vehicle."

It is apparent that the language in neither of the foregoing sections encompasses the acts with which defendant was charged.

Although it is true, as defendant points out, that "a special statutory provision which relates to a specific subject matter is controlling over a general statutory provision which might otherwise be applicable" (*Commonwealth Loan Co.* v. *Berry* [1965], 2 Ohio St. 2d 169, 170), it is obvious that for such rule to come into play there must first be a pertinent, controlling special statutory provision. Defendant points to no statute in the motor vehicle law specifically applicable to the instant case. Therefore, the forgery statute applies if the acts of defendant fall within its terms.

R. C. 2913.01 reads, in pertinent part:

"No person, with intent to defraud, shall falsely make, alter, forge, counterfeit, print, or photograph a record or other authentic matter of a public nature * * * or, with like intent, utter or publish as true and genuine such false, altered, forged, counterfeited, falsely printed, or photographed matter, knowing it to be false, altered, forged, counterfeited, falsely printed, or photographed."

The trial court concluded that defendant's acts in relation to the application for car registration came "within the purview of the words 'or other authentic matter of a public nature,'" as contained in R. C. 2913.01.

In discussing this crucial issue, both parties cite the annotation entitled "Forgery—Public Record" found in

69 A. L. R. 2d 1095, 1096, wherein "public record" is defined as follows:

"A public record has been defined as a record required by law to be kept, or necessary to be kept, in the discharge of a duty imposed by law, or directed by law to serve as a memorial and evidence of something written, said, or done. In accordance with this definition, the courts have generally held that various papers were public records within the meaning of a statute making the forgery of such records an offense where it appeared that the particular papers in question were either expressly required by law to be kept or filed, or were necessary or convenient to the discharge of the duties of a public official; conversely, papers not necessary or convenient to the discharge of the duties of a public official, and not expressly required by law to be kept or filed, or papers prior to being so filed or recorded, have generally been held not to constitute public records within such a statute."

R. C. 4503.10, which is concerned with applications for registration, specifies that "each deputy [registrar] shall retain in his office a copy of said application until the first day of July of the following year after the date of such application. This copy shall be for public examination * * *."

In view of the fact that an application for car registration is required by law to be retained for a period of time as a public record, we are of the opinion that such an application is "authentic matter of a public nature" within the meaning of those words as used in R. C. 2913.01. Therefore, defendant was properly convicted under that section for forging and uttering the application for car registration.

This brings us to consideration of defendant's contention that merely by possessing the counterfeit certificate of title he did not "utter or publish as true and genuine" any "false, altered, forged, counterfeited, falsely printed * * * matter * * *."

The trial court overruled defendant's motion to dis-

miss the charge as to the uttering of the certificate of title on the basis that there was evidence "that the defendant held it up for the part-time deputy registrar, and employee of the registrar's office to see, and that the certificate of title number appeared on the application."

The general rule in respect to the uttering and publishing of a forged instrument is that "* * * the crime is not consummated until it [the instrument] is received by the person to whom it is to be delivered." *Lindsey* v. *State* (1882), 38 Ohio St. 507, 511.

This principle was expressed in the syllabus of *State* v. *Douglas* (1926), 114 Ohio St. 190, as follows:

"On a charge of uttering and publishing a forged instrument, with intent to defraud, under Section 13083, General Code [R. C. 2913.01], where the instrument was forged in the state of Ohio and thereupon transmitted by mail to a city in another state, and such instrument was at all times in the possession or under the control of such forger and his agents until the same passed beyond the territorial borders of the state of Ohio, the crime of uttering and publishing is not complete in the state of Ohio."

The certificate of title here involved was not negotiated to another because, for the purpose of obtaining car registration, no transfer of the certificate to the registrar is required. It follows that the provision of R. C. 2913.01, prohibiting the uttering or publishing of false or counterfeited instruments, does not apply to the use of a counterfeit certificate of title for the purpose of obtaining car registration. Defendant's conviction for uttering and publishing as true and genuine a counterfeit certificate of title was therefore improper as the act he committed in presenting the counterfeit certificate to the registrar does not fall within the proscriptions of R. C. 2913.01.

Defendant urges further that a basic element of forgery is that the instrument involved must be capable of defrauding or deceiving another. R. C. 2913.01 uses the words "intent to defraud," and it is apparent that anyone who knowingly attempts to obtain car registration by

use of a counterfeit, blank certificate of title has an intent to defraud, the fraud in such case being the attempt to secure registration through deception.

The final argument advanced by defendant is that "inasmuch as the crime of forgery can be committed" either by forgery or the uttering of a forged instrument "it is prejudicial to allow a conviction under separate counts in an indictment upon both methods of violating the statute."

R. C. 2913.01 is phrased in the disjunctive, and therefore makes "forgery" and "uttering" forged matter separate offenses. Under the holding in *Overmyer* v. *Sacks* (1962), 174 Ohio St. 129, as expressed in the syllabus therein, one act may constitute several offenses, and an individual may at the same time and in the same transaction commit several separate and distinct crimes, and separate sentences may be imposed for each offense. Defendant's conviction for forgery of the application for car registration and for uttering the same was permissible under the statute and the law.

For the reasons stated above, defendant's conviction for forging and for uttering the application for car registration is affirmed, and the conviction on the charges of uttering the counterfeit certificate of title is reversed.

*Judgment affirmed in part and reversed in part.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, STERN and LEACH, JJ., concur.