316 So.2d 586 (1975)
Virginia STARK, Appellant,
v.
STATE of Florida, Appellee.
No. 74-530.
District Court of Appeal of Florida, Fourth District.
July 18, 1975.
*587 J. Leonard Fleet of J. Leonard Fleet, P.A., Hollywood, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Virginia Stark was without doubt involved in an automobile theft ring. However, the evidence adduced at her jury trial for the alleged violation of Fla. Stat. § 319.33(1)(d) (1971)[1] was insufficient to show that at the time she sold the stolen automobile she had knowledge of the alteration of the vehicle identification number. She is therefore entitled to be discharged.
Fla. Stat. § 319.33(1)(d) is a specific intent crime and as such the State has the burden of affirmatively proving by direct or circumstantial evidence that the act was done with the requisite specific intent. Allen v. State, 124 So.2d 741 (1st DCA Fla. 1960). The State's case established that the modus operandi was for one member of the ring to steal the automobile from a restaurant parking lot, another member to alter the nonconfidential vehicle identification number, and still another to obtain a new registration for the vehicle. Stark helped sell two of the automobiles, knowing them to have been stolen, the vehicles being sold to acquaintances of hers for a small fraction of their respective market value. However, there is not the slightest evidence from which it reasonably could be inferred that Stark had any knowledge that the manufacturer's vehicle identification number had been destroyed, removed, altered, etc. at the time she participated in their sale.
The State takes the position that Stark was an aider and abettor in the scheme to sell stolen automobiles, and having this criminal intent her actual knowledge of the alteration of the vehicle identification numbers became irrelevant, citing as authority for its position the case of Davis v. State, 275 So.2d 575 (1st DCA Fla. 1973). That case, setting forth the general rule applicable to general intent crimes, has no application to the specific intent crime involved here.
Where the State, in charging a specific intent crime, relies upon an aiding and abetting theory, as in the case at bar, it has an affirmative burden to prove the requisite intent. It can do so either by showing the aider and abettor had the requisite intent himself, or that he knew that the principal had that intent. See, Savage v. State, 18 Fla. 909 (1882); Pope v. State, 84 Fla. 428, 94 So. 865 (1922); 21 Am.Jur.2d, Criminal Law, § 123 (1965); 22 CJS Criminal Law § 87, at 259 (1961). This same rule applies to the specific element of knowledge. See, Espinoza v. State, 183 So.2d 560 (3rd DCA Fla. 1966). The State's evidence in this case failed to meet this requirement.
The judgment appealed is reversed and upon remand the trial court is respectfully directed to enter an order discharging appellant.
CROSS and DOWNEY, JJ., concur.
NOTES
[1] Fla. Stat. § 319.33(1)(d) (1971) provides:

"(1) It is unlawful:
* * * * * *
"(d) To sell or offer for sale in this state a motor vehicle on which the motor number or manufacturer's serial number has been destroyed, removed, covered, altered, or defaced with knowledge of such destruction, removal, covering, alteration, or defacement of said motor number or manufacturer's serial number;
* * * * * *