SCHEB, Judge.
Appellant/defendant was charged by in-formations with forgery and uttering a forged instrument contrary to Florida Stat *540 utes, Sections 831.01 and 831.02, respectively. The instrument involved was a payroll check for $191.01, drawn by United States Sugar Corp. on the First Bank of Clewiston and payable to the order of “Boone, Fannie M.”
Pursuant to Fla.R.Crim.P. 3.190(c)(4), defendant sought dismissal of the informa-tions, accompanying his motion by an affidavit stating the defendant endorsed the check as “Bonnie Fannie M.” Defendant argued that since the payee’s signature was not correctly endorsed on the check, the drawee bank was not obligated to honor the check, and hence, there was no forgery. The trial judge dismissed both informations, allowing the state to continue prosecution only on the lesser included offenses contained in the information charging forgery. We reverse.
Section 831.01, Florida Statutes, proscribes either the forgery or alteration of an instrument with the intent to injure or defraud another. Forgery requites the making of a writing which falsely purports to be the writing of another, with intent to defraud. The crime may exist even though the name is fictitious when it is shown that the fictitious name was used with an intent to defraud. Green v. State, 76 So.2d 645 (Fla.1954); State v. Rapp, 281 So.2d 193 (Fla.1973).
Clearly, an endorsement supplied to a check drawn on a bank may constitute forgery. Smith v. State, 59 So.2d 625 (Fla.1952); Hazen v. Mayo, 90 So.2d 123 (Fla.1956). Where the name actually signed resembles a true name, the texts indicate that it is sufficient to constitute forgery as long as the instrument bears such a resemblance to the document as may deceive a person of ordinary observation or business capacity, even though experts or persons of experience could not be deceived by it. See generally 37 C.J.S. Forgery, Section 13; 36 Am.Jur.2d, Forgery, Sections 21 to 26.
In dismissing the informations, the trial court apparently relied on State v. Peterson, 192 So.2d 293 (Fla.2d DCA 1966), where this court held that an alteration did not constitute a forgery even though the figures on the check were altered where the amount specified by words was not changed. Defendant contends that here, as in Peterson, there would be no obligation to pay on the part of the bank since the endorsement was not correct. Defendant thus concludes that his actions did not constitute a forgery, but rather a mere alteration of the check which did not change the obligations of the parties. Defendant further points out, and correctly so, that if there was no forgery, there would be no basis for the information charging uttering of a forged instrument. See Forbes v. State, 210 So.2d 246 (Fla.3d DCA 1968). Reliance on Peterson is we think, misplaced because Peterson was premised upon Section 674.19(1), Florida Statutes, which provided that when there is a variance between figures and written amounts, that the writing controls; hence, the obligations of the parties do not change. Irrespective of whether the bank was required to honor the check,[1] those who received it and presumably gave consideration for the check which the defendant admittedly endorsed could be injured by the instrument. Although not perfectly endorsed, it cannot be said, as a matter of law, the defendant’s endorsement did not bear a reasonable resemblance to the required endorsement to a person of ordinary observation. The essence of the offense is the “intent to defraud.” Walters v. State, 245 So.2d 907 (Fla.1st DCA 1971). At this juncture, we cannot say, as a matter of law, that the state cannot establish such intent.
Accordingly, both informations are reinstated, and the cause remanded for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and GRIMES, J., concur.

. Fla.Stat. § 673.203 provides:
Where an instrument is made payable to a person under a misspelled name or one other than his own he may endorse in that name or his own or both; but signature in both names may be required by a person paying or giving value for the instrument.