GRIMES, Acting Chief Judge.
By this appeal the state seeks to have this court determine the propriety of a ruling that the alteration of the numbers of a Federal Reserve note and the subsequent attempt to spend the same as a note of a higher denomination does not constitute an offense under Section 831.09, Florida Statutes (1977).[1]
Appellee was charged with uttering a forged bill in violation of Section 831.09. The information alleged that he had altered the numeral 2 on a two dollar bill to read “20” and attempted to use the bill as payment for admission to the Garden Drive-In Theatre in Pinellas County, Florida. At the hearing on appellee’s motion to dismiss, which was stipulated as being filed under Fla.R.Crim.P. 3.190(c)(4), it was explained that a zero had been pasted next to the two on all four corners of both sides of the bill. In support of his motion, appellee’s attorney argued that an altered two dollar bill was not one of the items covered by Section 831.09. The court expressed the view that a two dollar bill was within the purview of the statute but dismissed the charge upon the authority of State v. Peterson, 192 So.2d 293 (Fla. 2d DCA 1966).
In Peterson this court held that the alteration of the numerals but not the written numbers on a bank check did not constitute the uttering of a forged instrument under Section 831.09. Our ruling was premised on the fact that Section 674.19(1), Florida Statutes (1965), relating to negotiable instruments, provided that where there is a discrepancy between the sum payable which is expressed in words and that which is expressed in figures, the sum denoted by the words controls. Thus, it was reasoned that a forgery could not have occurred if the alteration of the figures, but not the words on the check, did not change the obligations or rights of the parties.
Section 674.19(1) was later repealed upon the passage of the Uniform Commercial Code, but the substance of the statute has been retained in Section 673.118(3), Florida Statutes (1977). However, Section 673.103, Florida Statutes (1977), which is part of the same chapter specifies that this chapter does not apply to money. Since the instant case involves money rather than a check, the rationale upon which Peterson was decided does not apply. The question is not whether the Garden Drive-In was obligated to accept the altered bill as a twenty, but whether the appellee, in the words of the statute, uttered or tendered in *889 payment as true an altered bill with intent to defraud. Cf. State v. Charles, 341 So.2d 539 (Fla. 2d DCA 1977). This is a question of fact for the jury to decide.
There remains the question of whether Section 831.09 includes this two dollar bill because the statute does not refer to currency or money.[2] The statutory wording “issued as aforesaid” clearly refers to the language of Section 831.07, Florida Statutes (1977), which reads “a bank bill or promissory note . . . issued by an incorporated banking company established in this state, or within the United States.” These two sections as well as many others in Chapter 831 were originally enacted in 1868 as part of the same legislative act, and the language remains substantially unchanged. It must be remembered that much of the currency then in use consisted of bank notes or bills issued by authorized banks, but that today the bulk of our currency consists of Federal Reserve notes.
The only reported decision we have found which bears on this issue is Commonwealth v. Saville, 353 Mass. 458, 233 N.E.2d 9 (1968). In a comprehensive analysis of a statute much like ours, the Massachusetts Supreme Court held that Federal Reserve notes are “issued by an incorporated banking company.” We reach a similar conclusion and hold that Federal Reserve notes are included within the enumeration of instruments described in Section 831.09.[3]
REVERSED.
SCHEB and DANAHY, JJ., concur.

. Uttering forged bills. — Whoever utters or passes or tenders in payment as true, any such false, altered, forged or counterfeit note, or any bank bill or promissory note, payable to the bearer thereof or to the order of any person, issued as aforesaid, knowing the same to be false, altered, forged or counterfeit, with intent to injure or defraud any person, shall be guilty of felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. The court in State v. West, 262 So.2d 457 (Fla. 4th DCA 1972), assumed that a counterfeit ten dollar bill was within the scope of a similarly worded statute, but did not specifically pass on the question.

. Our interpretation is buttressed by a study of the balance of Chapter 831 in which numerous statutes on forgery and counterfeiting employing similar language are obviously directed toward paper currency. The legislature undoubtedly intended for these laws to cover paper money.