SCHWARTZ, Judge.
At a non-jury trial, the defendant was convicted of uttering a forged instrument in violation of § 831.02, Fla.Stat. (1977), and knowingly obtaining money by means of a forged motor vehicle certificate of title, which is forbidden by § 319.33(2), Fla.Stat. (1977). He appeals but we affirm.
This is an unusual criminal case, at least in that the facts are virtually undisputed. Jalbert was in the business of reconditioning and selling automobiles he purchased from salvage dealers. In 1974 he bought a thoroughly wrecked car at auction from an automobile storage company which had secured it from a subrogated insurance company. The storage company told him that the title certificate was lost and that it would sell the car with a notarized bill of sale, but without a formal title, to avoid the “red tape” involved in applying for a duplicate. After Jalbert had spent a substantial sum reconditioning the car and had learned that a bank lien on the vehicle had been satisfied, he attempted to find the record title owner, Audrey Casale. He was unable to do so, so he applied for a duplicate title in Ms. Casale’s name. Believing, he said, that he was the “real” owner of the car, he then sold it to a Mr. Edelsberg; at his direction, Jalbert’s wife had signed Audrey Casale’s name on the duplicate title certificate. When asked about the apparent discrepancy in the names on the certificate he “uttered” to Edelsberg, Jalbert told his buyer that Casale was his wife’s maiden name. Edelsberg could not secure record title to the vehicle, and this criminal prosecution resulted.
On this appeal, Jalbert raises two points which merit discussion. He contends first that he could not properly have been convicted of uttering a forgery (a) because a motor vehicle certificate of title is not an instrument covered by §§ 831.01 and 831.02, Fla.Stat. (1977) and (b) because the legislature’s specific treatment of such certificates in § 319.33, Fla.Stat. (1977) precludes reliance on the general and all-inclusive uttering statute. We disagree with both bases of this contention.
We hold that a motor vehicle certificate of title is a “public record,” see § 319.23(1), Fla.Stat. (1977); Ham v. Heintzelman’s Ford, Inc., 256 So.2d 264, 269 (Fla. 4th DCA 1971); State v. Brooks, 27 Ohio St.2d 144, 271 N.E.2d 869 (1971); and is therefore subject to both the forgery and uttering statutes, §§ 831.01-.02, Fla.Stat. (1977). See State v. La Pointe, 345 So.2d 362 (Fla. 3d DCA 1977). Moreover, since the specific certificate of title criminal provisions contained in § 319.33, Fla.Stat. (1977) are not at all inconsistent with the *1209 general uttering statute,[1] there is no reason why, at the option of the prosecutor, either (although not both) may not be used in an attempt to punish the same criminal conduct. See Fayerweather v. State, 332 So.2d 21, 22 (Fla.1976).
Jalbert also argues that he was entitled to a judgment of acquittal as to both charges because he did not possess the “specific intent” to defraud required under both § 319.33(2) and § 831.02, Fla.Stat. (1977). See Stark v. State, 316 So.2d 586 (Fla. 4th DCA 1975), cert. denied, 328 So.2d 845 (Fla.1976); State v. Charles, 341 So.2d 539 (Fla. 2d DCA 1977). The basis of this claim is that he had a bona fide belief that he was the actual owner of the vehicle represented by the title certificate. Again, we disagree. The “specific intent” required by the statutes is simply one to receive money in return for a certificate uttered by the defendant and known by him to have been forged. Admittedly, that was demonstrated in this case. As in Folk v. State, 192 So.2d 44, 46 (Fla. 3d DCA 1966), Jalbert’s conduct, particularly his representation about his wife’s maiden name, was “in no way consistent with an honest ownership . . . ” of the forged certificate.
Since the other points raised by the defendant likewise lack merit, the judgment below is therefore
Affirmed.

. Unlike State v. Young, 357 So.2d 416 (Fla. 2d DCA 1978), in which the “specific” statute provided for a lesser penalty than the general one, violations of both § 319.33 and § 831.02, Fla. Stat. (1977), are third degree felonies,