546 So.2d 102 (1989)
Lisa E. MORRISON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1012.
District Court of Appeal of Florida, Fourth District.
July 7, 1989.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal by appellant, Lisa E. Morrison, from multiple convictions and sentences arising out of a bank robbery. Morrison was sentenced to two (2) life sentences and one term of five years. We have previously approved related convictions and sentences of appellant's husband and codefendant, Frank Wright. We reverse Morrison's convictions and remand for a new trial.
Initially, we reject Morrison's claim that the evidence was insufficient to allow the case against her to go to the jury. Under the evidence presented, we agree with the trial court that the extent of her knowledge and participation in the crimes were issues for the jury. However, we agree errors were committed at trial mandating a new trial.
Morrison was charged with driving the getaway car after a robbery by Wright and a third defendant, George Jackson. Wright pleaded insanity. Jackson pleaded guilty, but testified in corroboration of Morrison's defense that she knew nothing of the robbery in advance, and was threatened and coerced by Wright into driving *103 from the scene. Jackson testified that the robbery was spontaneously suggested by Wright to Jackson just minutes before the robbery, and after they had exited the car driven by Morrison to purchase beer in a shopping center. Jackson stated that Wright, armed with a handgun, returned to the car driven by Morrison and threatened to "whip her ass" unless she drove from the scene, and that Wright continued to curse and direct her thereafter. According to Jackson, Morrison was hysterical and crying the entire time. On cross-examination, the state attempted to impeach Jackson's testimony by demonstrating that the testimony conveniently fit in with the defenses of Wright and Morrison, and that Jackson had not described Wright's coercion of Morrison in his earlier statement to the police. Despite this evidence, the trial court refused Morrison's proposed instructions to the jury on the legal defense of duress. In our view, this denial constitutes reversible error since it deprived appellant of a legal defense to the state's assertion that she was a voluntary driver of the getaway car, and hence a voluntary participant in the robbery. Cf. Corujo v. State, 424 So.2d 43 (Fla. 2d DCA 1982). While a jury would be free to accept or reject Jackson's testimony, or Morrison's defense of coercion, the trial court was obligated to submit the issue to the jury. See Dudley v. State, 405 So.2d 304 (Fla. 4th DCA 1981).
In addition, the state was allowed to introduce an edited statement given by Morrison to the police. Over Morrison's objection, the state was allowed to remove from the statement portions thereof which supported her claim of innocence. This was error. While the state may have been entitled to have Morrison's statement presented to the jury, Morrison was similarly entitled to have those portions of her statement supportive of her position disclosed to the same jury. See § 90.801, Fla. Stat. (1985); United States v. Wenzel, 311 F.2d 164 (4th Cir.1962); Morey v. State, 72 Fla. 45, 72 So. 490 (1916). The portions excluded were also consistent with the defense of insanity offered at trial by her husband-codefendant. Thus, they would not have unfairly implicated him. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The editing presented the jury with an erroneous view of Morrison's statement as to her participation in the criminal episode, and constituted, in our view, reversible error.
Accordingly, for the reasons set out above we reverse and remand this cause for a new trial in accord herewith. Because a new trial is required we decline to review the other issues raised on appeal.
ANSTEAD, LETTS and WALDEN, JJ., concur.