THREADGILL, Judge.
This ease is before us for the second time on appeal. The state charged the appellee with cheating in violation of section 817.29, Florida Statutes (1991). In the first appeal, the trial court found that the cheating statute had been repealed by implication by sections 812.012 through 812.037, Florida Statutes, the Florida Anti-Fencing Act. We reversed and remanded for the appellee to be tried under section 817.29. State v. Vikhlyantsev, 602 So.2d 636 (Fla. 2d DCA 1992). On remand the trial court again dismissed the charge, finding section 817.29 unconstitutionally vague. The state appeals this ruling. We again reverse and remand for trial.
The appellee was charged as the result of an investigation by the Pinellas County Consumer Fraud Division. Investigators intentionally removed a fan blade from its motor spindle in a refrigerator which had been certified as being in good working order. Several repair persons, including the appellee, were then called to repair the refrigerator. In connection with this investigation, the state charged that the appellee
did unlawfully obtain goods or U.S. currency with the intent to commit a gross fraud or cheat at common law, to wit: Did falsely represent that he replaced certain parts during refrigerator repair for which he received U.S. currency as payment for parts and labor, said parts not having been replaced....
The appellee filed a motion to dismiss the charge on the ground that section 817.29 is unconstitutionally vague. The trial court granted the motion, finding that the stat *1367 ute fails to set forth with sufficient particularity those acts which are proscribed by it so as to place the common person of average intelligence on notice of what conduct may run afoul of the law. The state filed a timely notice of appeal.
There is a presumption of constitutionality inherent in any statutory analysis. State v. Wilson, 464 So.2d 667 (Fla. 2d DCA1985). Where a statute is challenged as being unconstitutionally vague, the test is whether the language of the statute conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. State v. Hagan, 387 So.2d 943, 945 (Fla. 1980). While the statutory language must not be so vague that persons of common intelligence must necessarily guess at its meaning, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited. Powell v. State, 508 So.2d 1307 (Fla. 1st DCA1987).
Section 817.29, Florida Statutes (1991) provides:
817.29 Cheating
Whoever is convicted of any gross fraud or cheat at common law shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
Cheating statutes at common law proscribed frauds perpetrated against the general public and against which ordinary prudence was no safeguard, such as the use of false weights and measures. J. Hall, Theft, Law and Society 40 (2d ed. 1952). The statute of 33 Hen. VIII, c. 1 (1541) enlarged the law on cheating by making it a misdemeanor to
falsely and deceitfully obtain, or get into his or their hands or possession, any money, goods, chattels, jewels, or other things of any other person or persons, by colour and means of any privy false token or counterfeit letter made in another man’s name, to a special friend or acquaintance, for the obtaining of money, &c. from such person_
Id. at 40 n. 21. Then, in 1757, the statute of 30 Geo. II was enacted, abolishing the need for a privy token or counterfeit letter. 35 C.J.S. False Pretenses § 4 (1960).
This court in State v. Peterson, 192 So.2d 293 (Fla. 2d DCA1966), recognized 30 Geo. II, c. 24, as the law of this state for the offense of cheating. The statute defines the offense as knowingly and designedly, by false pretense, obtaining from any person or persons, money, goods, wares or merchandise with the intent to cheat or defraud said person or persons of same. 192 So.2d at 295.
Although the legislature did- not specifically define the term cheat within section 817.29, this omission does not, in and of itself, render the provision unconstitutionally vague. See Hagan, 387 So.2d at 945. Reference to the common law is appropriate, and at times necessary, in considering a challenge that a statute is unconstitutionally vague. See State v. SCM Glidco Organics Corporation, 592 So.2d 710, 712 (Fla. 1st DCA1991) (trial court’s failure to consider English case law necessarily impeded proper consideration of the constitutionality of the statute involved). In the case of section 817.29, the legislature expressly incorporated the common law offense in defining the statutory offense. Accordingly, section 817.29 and the language of 30 Geo. II set forth in Peterson, convey sufficiently definite warnings of the proscribed conduct when measured by common understanding and practice so that the statute is not unconstitutionally vague.
Reversed and remanded.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.