HARRIS, Judge.
Mary Washington, when stopped for a traffic violation, signed -a fictitious name to two traffic citations and was charged under section 831.01, Florida Statutes, with forgery of both traffic citations as well as resisting an officer without violence because of the forgeries. She moved to dismiss on the basis that forgery of a traffic citation is not covered by section 831.01. The trial court denied her motion. She pled no contest to the charges and now appeals. We affirm.
Although “traffic citation” is not specifically listed in section 831.01, the statute prohibits the forgery of “a public record.” The question then becomes whether a traffic citation is a public record within the contemplation of the statute. The court in Jalbert v. State, 366 So.2d 1207 (Fla. 3d DCA 1979), faced a similar argument in relation to whether a motor vehicle certificate of title was a public record under the statute and held that it was covered by the statute. Likewise, we hold that the forgery of a traffic citation is a violation of section 831.01.
AFFIRMED.
COBB and THOMPSON, JJ., concur.