711 So.2d 250 (1998)
Mario SIKES, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0817.
District Court of Appeal of Florida, Fourth District.
June 3, 1998.
*251 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Terri Leon-Benner, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
Mario Danele Sikes, appellant, appeals the judgment and sentence entered against him. A jury found appellant guilty of second degree felony murder (Count I), kidnapping (Count II), carjacking (Count III) and aggravated assault (Count IV). The trial court sentenced him to serve concurrent 15-year prison terms on Counts I-III and a concurrent 5-year prison term on Count IV. We affirm on all counts.
Appellant and his cousin, Carl Lee Reese, drove from Fort Pierce to Broward County. While appellant was driving Reese around in a station wagon, Reese began talking about robbing someone. Reese told appellant to follow a white Lexus. Appellant began following the car. When the owner of the car stopped at a gas station, appellant parked the station wagon in a nearby parking lot close to some bushes. The owner pulled into *252 an automatic car wash. Reese got out of the station wagon and went into the car wash. Appellant remained in the station wagon. Appellant admitted that he knew Reese had a gun and intended to rob the owner of the car.
After entering the car wash, Reese knocked on the window on the driver's side of the car pretending to be an employee of the gas station. The owner rolled down his window and Reese pointed a gun at the man's head. Reese instructed the owner to get out of the car and took several of his personal belongings. After robbing the owner, Reese forced him to get into the trunk at gunpoint. Reese drove the car out of the car wash and up to the station wagon where appellant was sitting. Reese indicated that the owner of the car was in the trunk and directed appellant to follow him. Appellant followed Reese in the station wagon.
Reese became concerned that the owner had a cell phone in the trunk of the car so he stopped the car and opened the trunk. The owner did not have a cell phone, but he did have two guns in his trunk. The owner came out of the trunk with a gun in each hand. The owner told Reese to put his hands up in the air, but Reese did not comply. Instead, Reese reached near his waistline as if he was attempting to get his gun. The owner fired two or three warning shots before shooting Reese.
Appellant had also stopped and was sitting in the station wagon a short distance away in front of the stolen car. Following the gun fire, appellant drove away and made a u-turn heading back towards the owner as if trying to hit him. The owner, who was on the side of the road, jumped out of the way of the oncoming car and fired a shot at the station wagon. Appellant drove away.
Appellant was convicted of second degree felony murder in the death of Reese, carjacking, kidnapping and aggravated assault for attempting to run over the owner of the car. The carjacking and kidnapping charges were based on the theory that appellant aided and abetted Reese in the commission of those crimes. Appellant argues that there was insufficient evidence to prove he intended to participate in the carjacking and kidnapping because, at the time Reese entered the car wash, appellant only thought Reese planned to rob the owner. Therefore, appellant contends that he did not know about Reese's intent to steal the car or forcibly confine the owner in the trunk until Reese drove up to the station wagon in the stolen car.
To be convicted as an aider and abettor, the state must show that the defendant assisted the actual perpetrator by doing or saying something that caused, encouraged, assisted or incited the perpetrator to actually commit the crime, and that he intended to participate in the crime. K.O. v. State, 673 So.2d 47, 48 (Fla. 4th DCA 1995). When a defendant is charged with a specific intent crime based on an aiding and abetting theory, the state also has the burden to prove requisite intent. Stark v. State, 316 So.2d 586, 587 (Fla. 4th DCA 1975). It can do so by either showing that the aider and abettor had the requisite intent or that he knew that the principal had that intent. Id.
Contrary to appellant's assertions, there was sufficient evidence to establish appellant's intent to participate in the crimes of carjacking and kidnapping. We also believe his actions constituted more than mere presence at the scene and knowledge that a crime was going to be committed. Once Reese emerged from the car wash driving the stolen car and told appellant that the owner was in the trunk, appellant knew Reese had the requisite intent to commit those crimes. Although Reese may have initiated the crimes without appellant knowing the full extent of his intentions, appellant's decision to follow Reese could be considered evidence of his intent to participate in the ongoing crimes. Appellant further evidenced his intent to participate in the crimes when he attempted to run over the victim in his station wagon.
Appellant also argues, even if the evidence is deemed adequate to show intent, it was insufficient to show that he actually participated in the crimes by committing an act in furtherance of them. We disagree.
Accepting all the evidence in a light most favorable to the state, there was proof that appellant (1) followed the intended victim's *253 car to the gas station at Reese's request, (2) gave Reese the opportunity to commit the crimes by stopping at the gas station, (3) waited in a nearby parking lot while Reese stole the car and locked the owner in the trunk, (4) chose to follow Reese knowing he was in the progress of committing a carjacking and kidnapping and (5) attempted to run over the victim when the crimes began to go awry. Appellant's actions are sufficient to constitute participation. See Staten v. State, 519 So.2d 622 (Fla.1988).
Accordingly, we affirm on appellant's convictions for carjacking and kidnapping.
GLICKSTEIN, WARNER and SHAHOOD, JJ., concur.