713 So.2d 1097 (1998)
Edward A. SWANSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3777.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
*1098 Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, Judge.
Edward Swanson (appellant) appeals the judgment and sentence entered against him. Following a jury trial, appellant was convicted of grand theft of an all-terrain vehicle (ATV). He argues that the evidence against him was insufficient as a matter of law and that the trial court erred in failing to grant his motion for judgment of acquittal. We disagree and affirm.
The evidence showed that during the early morning hours of January 9, 1997, Thomas Beert was awakened by his wife, who, while caring for their newborn baby, heard a car outside their house. Beert looked out his bedroom window and saw a van with its lights on moving slowly in front of their house. He moved to another room for a better view and observed someone pushing a four-wheeler belonging to his neighbor, Wade Lowery, in front of the van. The van's headlights were shining directly on the person pushing the ATV. Beert quickly ran downstairs and got in his truck. However, by the time he arrived, the van was gone and the ATV was abandoned approximately forty feet away and pushed between two pine trees.[1] Beert drove around searching for the van but did not see it or observe anything else unusual.
As Beert was returning home, he saw Sgt. Johnson on patrol and flagged him down. He reported seeing two people trying to steal *1099 his neighbor's ATV. While he was talking to the deputy, Beert spotted the van and took off after it. Sgt. Johnson and another back up deputy followed behind and stopped the van at a nearby Chevron gas station. Beert identified the person who exited the passenger side of the van, Dewey Hood, as the same person whom he observed pushing the ATV. At trial, he identified appellant as the person he saw exit the driver's side of the van when ordered to do so by the deputies at the gas station.
Lowery, the owner of the ATV, testified that the vehicle was a 1986 200 TRX four-wheeler in "perfect" condition and worth "probably around fifteen hundred" dollars. He said he had parked the vehicle in his driveway the evening before and did not give anyone permission to take it or remove it from his driveway.
Deputy Younkin investigated the scene and testified that Lowery's house was located directly behind Beert's house. He observed tire tracks on the dew-covered grass indicating that the ATV was pushed from Lowery's house past Beert's house and then onto the asphalt.
The state called Dewey Hood as a witness. According to Hood, he and his uncle, the appellant, had been together that evening and were heading home on Interstate 95 when they decided to stop at a 24-hour Chevron gas station for cigarettes. While taking a shortcut through a residential area, they saw an ATV on the side of the road next to some garbage. Hood testified that he thought it was trash and asked appellant to slow down so he could get a better look at it. While appellant remained in the van, Hood got out and pushed the ATV some distance to see if it would move. The van was situated so that the headlights were shining on Hood and the ATV. Initially, Hood testified that the vehicle would not move after he shoved it a few feet. Concluding it was trash, he left it and got back in the van. When questioned further, he changed his testimony slightly and said that upon closely examining the ATV, he realized it was a good quality vehicle and, thus, discarded it between two pine trees. Afterwards, he got back in the van and appellant drove them away to the nearby Chevron station. He conceded that while he was on Lowery's street looking at the ATV, he saw a police officer drive by them.
At the conclusion of Hood's testimony, the state rested and the defense moved for a judgment of acquittal. The trial judge acknowledged that it was a "close call" but reserved ruling on the motion. Following the motion, appellant testified during the defense case. His testimony was consistent with Hood's. He said that when he saw that the ATV was "in perfect condition" he told Hood to "get your ass in here and let's go." At the close of all the evidence, the defense renewed its motion for judgment of acquittal.
The appellant's theory of defense was that neither he nor co-defendant Hood had any intent to steal the ATV; that he merely sat in his van while Hood investigated what he thought was an abandoned four-wheeler on the side of the road, and that Hood, upon realizing that its condition was inconsistent with abandonment, immediately left it alone. Appellant argues that there was insufficient evidence to prove that Hood intended to steal the ATV and that appellant intended to participate in the theft.
The state charged appellant with thirddegree grand theft, in violation of section 812.014, Florida Statutes, which provides, in pertinent part:
(1) A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit from the property.
(b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
Based on the evidence presented, it is apparent that the state proceeded against appellant on the theory that he aided and abetted Hood in the theft or attempted theft of the ATV. To secure a conviction on an aider and abettor theory, the state must establish (1) that the defendant helped the person who actually committed the crime by *1100 doing or saying something that caused, encouraged, incited or otherwise assisted that person to commit the crime; and (2) that the defendant intended to participate in the crime. See Sikes v. State, 711 So.2d 250 (Fla. 4th DCA 1998); Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994); Staten v. State, 519 So.2d 622 (Fla.1988).
Mere knowledge that an offense is being committed or mere presence at the scene is not sufficient to establish participation. See Arroyo v. State, 705 So.2d 54 (Fla. 4th DCA 1997); C.O'D v. State, 696 So.2d 492 (Fla. 4th DCA 1997); West v. State, 585 So.2d 439 (Fla. 4th DCA 1991); Valdez v. State, 504 So.2d 9 (Fla. 2d DCA 1986). It is axiomatic that before an accused may be convicted as an aider and abettor, "it must be shown not only that he assisted the actual perpetrator but that he intended to participate in the crime." Willis v. State, 497 So.2d 947 (Fla. 1st DCA 1986), citing Horton v. State, 442 So.2d 1064, 1065-1066 (Fla. 1st DCA 1983); G.C. v. State, 407 So.2d 639 (Fla. 3d DCA 1981).
In the case before us, appellant contends that the record is devoid of evidence that his companion, Hood, intended to commit theft of the ATV or that appellant aided and abetted Hood in the commission of the theft; that, at best, the evidence established that appellant was merely in the company of another who may have committed a theft.
First, with regard to proof of Hood's intent to "temporarily or permanently deprive" the owner of the ATV, appellant argues that the state adduced testimony from its own witness, Hood, which negated any criminal intent. Appellant asserts that Hood, called as a state witness, gave testimony, binding upon the state, which was consistent with appellant's theory of innocence, i.e., that he only intended to inspect the vehicle not steal it. He urges us to find that Hood's testimony created a reasonable doubt as a matter of law, and, therefore, mandated a judgment of acquittal. In support, appellant relies upon D.J.G. v. State, 524 So.2d 1024 (Fla. 1st DCA 19878), rev. denied., 525 So.2d 880 (Fla.1988); Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975); and Weinstein v. State, 269 So.2d 70 (Fla. 1st DCA 1972), cert. denied., 273 So.2d 764 (Fla.1973). However, in these cases cited by appellant, the state called witnesses who were not declared adverse. Further, there was no other testimony presented by the state to directly contradict the witnesses' exculpatory testimony. The holdings in the above cited cases were clarified in J.L. v. State, 566 So.2d 1383 (Fla. 1st DCA 1990), which explained that:
J.L. asserts that the above cases mandate that a judgment of acquittal be granted where a state's witness testifies in a manner consistent with the defendant's theory of innocence. Closer examination of those opinions, however, indicates that the cases do not stand for that proposition.
In D.J.G., Weinstein, and Hodge, although in each case the testimony of the state's witness or witnesses was consistent with the defendant's theory of innocence, no evidence was presented by the state which directly contradicted the exculpatory testimony. In the instant case, however, the state presented direct evidence from the victim that the defendant did not have permission to operate the victim's vehicle; therefore, D.J.G., Weinstein, and Hodge are inapplicable.
566 So.2d at 1384-1385.
In the present case, the state did assert that Hood was an adverse witness. Moreover, although Hood's testimony was substantially consistent with appellant's claim of innocence, it was not wholly exculpatory, and the state presented testimony of other witnesses that directly contradicted Hood's. Hood testified that he did not push the ATV more than two to four feet. However, the neighbor, Beert, testified that it was pushed from 50 to 150 feet. Hood testified that he and appellant first spotted the ATV sitting on the side of the road next to some garbage. In contrast, the owner testified that he did not abandon the ATV on Beert's street but left it in the driveway of his own yard behind Beert's house. This testimony was corroborated by the investigating officer, who described finding tire tracks in the dewy grass, indicating that the ATV was pushed from the victim's yard, across Beert's yard, and then onto the street.
*1101 Next, contrary to appellant's assertions that the evidence failed to establish that he intended to participate in the theft of the ATV, there was sufficient evidence presented by the state that appellant's involvement went beyond being merely present at the scene and knowing that a crime was being committed. Appellant stopped the van upon Hood's request and slowly followed Hood in his van with his headlights shining on Hood, while Hood pushed the vehicle some considerable distance down the middle of the street. From these facts, an inference could reasonably be drawn that appellant did these things in an effort to facilitate Hood's theft, not just inspection, of the ATV. Appellant's actions are sufficient to show intent to participate. See Sikes v. State, 711 So.2d 250 (Fla. 4th DCA 1998).
In Sikes, we held that the evidence was sufficient to convict the defendant for aiding and abetting the crimes of car jacking and kidnaping. There, the defendant drove his cousin, Carl Reese, around in his vehicle while Reese began discussing plans of robbing someone. At Reese's request, the defendant followed an intended robbery victim's car to a gas station. He stopped the vehicle for Reese and waited while Reese stole the victim's car and locked the victim in the victim's trunk. He then followed Reese, knowing a carjacking and kidnaping were in progress. Finally, the defendant attempted to run over the victim when the victim retaliated against Reese with gunfire. We concluded that those acts were sufficient to constitute participation in the charged crimes. See also Morrison v. State, 546 So.2d 102 (Fla. 4th DCA 1989)(defendant's conduct raised jury issue on extent of defendant's knowledge of and participation in bank robbery although codefendant testified that defendant knew nothing about robbery in advance and was threatened and coerced by her husband into driving from the scene).
Because we find that the evidence in this case was sufficient to show that appellant assisted Hood in removing the ATV without the owner's consent and that appellant intended to participate in this offense, we reject appellant's claim that the trial court erred in denying his motion for a judgment of acquittal. Accordingly, we affirm appellant's conviction and sentence for grand theft.
AFFIRMED.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Beert testified at trial that he saw Hood push the ATV approximately fifty or sixty feet, although he conceded during cross-examination that at his deposition he described the distance as ten to twenty feet. He said at trial that the distance from the initial location where he observed the ATV and its final resting place between the trees was approximately 140 to 150 feet. At his deposition, he described the total distance as 100 feet.