STEVENSON, J.
Ernest Wyatt, Jr., the appellant, was convicted of delivery of a controlled substance (count I), resisting arrest without violence (count II), and tampering with evidence (count III). Although Wyatt raises a number of issues on appeal, we write to address only one — the alleged error in the trial court’s denial of his motion for judgment of acquittal on the delivery of cocaine charge. Because the jury could not reasonably have concluded that the evidence excluded Wyatt’s hypothesis of innocence, we must reverse.
Briefly stated, Wyatt’s convictions stem from an undercover drug buy in Indian River County. The undercover officer drove to a known drug area, stopped his truck, and was approached by five men. A heavy set man, later identified as Wyatt, approached the driver’s side window of the truck, with a cellular phone to his ear. The undercover officer asked Wyatt for “a twenty” to which Wyatt responded “get fifty, get fifty.”
During this conversation, the scene became chaotic as several of the men began reaching into the truck or attempting to gain entry into the truck and one man jumped into the bed of the truck. Just as the undercover officer was about to leave, the man in the back of the truck, later identified as Raymond Brannon, Wyatt’s co-defendant, reached around the cab, displaying a clear, plastic baggy containing a white, chunky substance. The officer stopped the truck. By this time, Wyatt had stepped away from the window, disappearing from the officer’s sight. Brannon dumped several pieces of suspected crack cocaine into the officer’s hand and asked for fifty. When the officer explained that *673 he only had $20.00, Brannon wanted some of the drugs back. The officer returned some of the drugs, but Brannon wanted more. At this point, the truck lurched forward. Brannon became agitated, striking the officer, and the officer fled without ever having paid Brannon. About fifteen minutes later, the undercover detective, along with back-up, returned to the area and saw Wyatt walking down the street about five feet behind Brannon. Both men were subsequently arrested. On these facts, Wyatt was convicted of aiding and abetting Brannon in the delivery of a controlled substance.
We find the evidence in the instant case insufficient to sustain appellant’s conviction for delivery of cocaine under the aiding and abetting theory relied upon by the State. Here, Wyatt’s hypothesis of innocence was that he and Brannon were acting alone, i.e., he was attempting to consummate his own drug deal and was not attempting to assist Brannon in any way.
To secure a conviction on an aider and abettor theory, the state must establish (1) that the defendant helped the person who actually committed the crime by doing or saying something that caused, encouraged, incited or otherwise assisted that person to commit the crime; and (2) that the defendant intended to participate in the crime.
Swanson v. State, 713 So.2d 1097, 1099-100 (Fla. 4th DCA 1998)(citing Sikes v. State, 711 So.2d 250 (Fla. 4th DCA 1998), Evans v. State, 643 So.2d 1204 (Fla. 1st DCA 1994), and Staten v. State, 519 So.2d 622 (Fla.1988)).
The State suggests that the fact that both Wyatt and Brannon were at the truck at about the same time and both attempted to get the officer to purchase $50.00 worth of cocaine, instead of $20.00, furnishes sufficient incriminating circumstances for the jury to have concluded that the men were acting in concert. We disagree. As this court recognized in K.O. v. State, 673 So.2d 47 (Fla. 4th DCA 1995), circumstantial evidence may be used to establish the guilt of an aider and abettor.
The guilt of an aider or abettor can be established by circumstantial evidence, but such evidence must be both consistent with guilt and inconsistent with any reasonable hypothesis of innocence; evidence which establishes nothing more than a suspicion, or even probability, of guilt is not sufficient. Davis v. State, 436 So.2d 196, 198-99 (Fla. 4th DCA 1983), petition for review denied, 444 So.2d 418 (Fla.1984). As stated by the supreme court in State v. Law, 559 So.2d 187, 189 (Fla.1989), in determining whether a case is sufficient to be submitted to the trier of fact on a motion for judgment of acquittal:
[i]t is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. Spinkellink v. State, 313 So.2d 666, 670 (Fla.1975), cert. denied, 428 U.S. 911, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. See Toole v. State, 472 So.2d 1174, 1176 (Fla.1985). Once that threshold burden is met, it becomes the [factfinder’s] duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
K.O., 673 So.2d at 48.
Viewed in the light most favorable to the State, there was no competent evidence introduced in the instant case which was inconsistent with the defendant’s theory that he and Brannon were actually competitors vying individually to make a sale *674 to the purported drug customer. The evidence established that Wyatt, Brannon and three other men approached the undercover officer’s truck at about the same time. Wyatt and Brannon had certainly intended to perfect some sort of a drug deal with the officer, while the intent of the other men is less clear. However, the facts of the instant case add up to nothing more than raw speculation that Wyatt and Brannon were working together. There was nothing in the evidence to suggest that these men were engaged in some common criminal enterprise or that Wyatt assisted Brannon in consummating Bran-non’s deal in any way. To find Wyatt guilty of aiding and abetting under the circumstances of this case would amount to an improper stacking of inferences based principally on the initial fact of Wyatt’s presence at the scene of the crime. The facts presented in the instant record are simply not inconsistent with Wyatt’s hypothesis of innocence as to the crime with which he was actually charged and convicted. Accordingly, we reverse Wyatt’s conviction for delivery of a controlled substance and remand for re-sentencing on counts II and III only.
REVERSED and REMANDED.
STONE, C.J., and SHAHOOD, J., concur.